## Commonwealth v. Bishop

 

*William J. Furber,* Assistant District Attorney, for Commonwealth.

*Robert A. Lechowicz,* for defendant.

LOWE, *J.,* January 6, 1976—This matter comes before the court upon defendant's application for an order dismissing criminal charges against him, with prejudice, pursuant to Pa. R. Crim. P. 11-00(f).*

On November 14, 1974, a criminal complaint was filed charging defendant, Paul Jonathan Bishop, with operating a motor vehicle for a second time during a period of suspension of his operating privileges. On May 5, 1975, a petition to extend the time for commencement of trial was filed by the Commonwealth. By order of the court dated May 16, 1975, an extension was granted and trial was directed to commence no later than August 1, 1975. Trial was thereupon scheduled for June 10, 1975, but defendant failed to appear for trial on that date. A bench warrant was issued forthwith, and in response thereto defendant appeared before the court on June 30, 1975. By order dated that day, the bench warrant was revoked and "the case continued to be re-listed by the Court Administrator

---

* Pa. R. Crim. P. 1100(f) provides as follows:

"At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated...Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

for the next session of Criminal Court." Despite the explicit mandate of this order, the case was not listed for trial until October 27, 1975, the ninth session of criminal court following the June 30th order.

The district attorney contends that the administrative burden created by the necessity of relisting cases for trial following the failure of a criminal defendant to appear for his first trial listing justifies the violation of the court's order of June 30th. This court is at a loss to understand how the simple relisting of a case for trial necessitates anything more than a mere ministerial or clerical act. Indeed, even if the administrative procedure employed in relisting a case for trial required a longer period of time than that specified in the court's order, the district attorney's recourse, if any, was to seek a more extended order which took into consideration the time necessarily required to relist a case for trial. It is significant to note that the district attorney never complained that the period specified for relisting was unduly short or impossible of compliance. Not until defendant made his application for dismissal under Pa. R. Crim. P. 1100(f) was the court apprised of the existence of an administrative burden which allegedly made noncompliance with the order of June 30th a virtual certainty. By failing to challenge that order, and by sitting idly by as the time specified therein passed, the district attorney has waived his right to contend that it was defendant's own conduct in failing to appear for his first trial listing which caused the delay in scheduling a second trial.

Accordingly, defendant's petition to dismiss, with prejudice, was properly granted and defendant appropriately discharged.